HON. PIERPOINT ISHAM, ⎱ ASSISTANT JUDGES.
HON. MILO L. BENNETT, ⎰

---

JONES & DOW *v.* CHAMBERLAIN, STRONG & CO.

*Contract.*

H. contracted with the defendants, railroad contractors, to do a piece of work at a certain price, but twenty-five per cent. of the compensation was to be retained by the defendants until the completion of the whole work, when it was to be paid to H. in the stock of the railroad company at par. During the prosecution of the work the defendants paid H. more than seventy-five per cent. of his whole claim, and the excess so paid was more than the actual

Jones & Dow *v.* Chamberlain, Strong & Co.

value of the stock to be delivered under the contract at the time the work was completed, but there was no agreement between the parties that any deduction should be made from the contract price on account of the overpayment. H. after the work was completed, being indebted to the plaintiffs, drew an order in their favor upon the defendants for "the balance in money and the stock" due him, which was accepted by the defendants; and the plaintiffs afterwards made a general request upon the defendants for payment of the order, which they refused on the ground there was nothing due. *Held,* in an action on the order, that the demand was sufficient; and that the overpayment of cash was voluntary and was a waiver of the right to pay so much in stock, and that the plaintiffs were entitled to recover the actual value of such amount of stock at the completion of the work as would have been required at its par value to satisfy the balance of H.'s claim.

ASSUMPSIT upon the following order:

"July 26, 1850 — Gentlemen: For value received pay Messrs. Jones & Dow the balance due in money on final estimate of Sec. 8 R. D. R. & B. R. R., also transfer to them all the stock due me on said work. PATRICK HIGGINS."

The case was referred, and the referee reported that the order was assigned for a valuable consideration, and was accepted by the defendants.

It appeared also that on the 1st day of August, 1848, the defendants held a contract with the Rutland and Burlington Railroad Company to build a part of their road, including section 8, at which date they contracted with said Higgins to construct and complete that section. This contract with Higgins provided that twenty-five per cent. of the monthly estimates was to be kept back until the completion of the job, and it was then to be paid in the stock of the railroad company at its par value. Before the time for completing the work had expired, Higgins notified the defendants that he should not be able to complete the masonry work included in his contract, and thereupon the defendants, in order to fulfill their contract with the road, proceeded to complete the masonry, with a notice to Higgins that they should charge him for the same (there being a provision in the contract to that effect); and the defendants and Higgins did go on and complete the contract about the 1st day of January, 1850.

It also appeared that the amount paid by the defendants in cash exceeded the amount which they were required to pay by the terms of their contract, and the excess so paid was equal to the

Jones & Dow *v.* Chamberlain, Strong & Co.

value of the stock at the time the payment became due. It did not appear from the contract that any deduction was to be made for paying in money instead of stock.

The plaintiffs called upon the defendants for payment of what was due in January, 1851; the demand was general in its terms, not specifying either money or stock, and *no tender* was at any time made of stock or money. The defendants at that time refused to pay anything, on the ground that there was nothing due on the contract.

The referee found that, if the plaintiffs were entitled to recover without reference to the stock payment, they should recover one thousand three hundred and twenty-three dollars and ninety-one cents; if for the value of stock on the 1st of January, 1850, when said stock was worth sixty-five cents on the dollar, then they should recover eight hundred and sixty dollars and fifty-five cents, with interest, amounting to one thousand two hundred and four dollars and seventy-six cents; and if for the value of said stock on the 28th of January, 1851, when the demand was made, and the stock was worth sixty cents on the dollar, they should recover six hundred and sixty-one dollars and ninety-six cents, with interest.

The county court, at the September Term, 1856,— PIERPOINT, J., presiding,— rendered judgment for the plaintiffs for the sum of one thousand two hundred and four dollars and seventy-six cents. To which decision the defendants excepted.

*Linsley & Prout* and *C. L. Williams*, for the defendants.

The dispute in the case relates to the stock portion of the claim. A demand of payment was necessary before suit brought. The demand was insufficient. *Russell* v. *Ormsbee*, 10 Vt. 274.

Nothing was due Higgins or the plaintiffs because the cash payments, made by the defendants on the heavy masonry work, exceeded the value of the stock at the time it became payable. Upon any rule of damages the plaintiffs are to be allowed only the value of the stock at the time it became payable. Sedgwick on Dam. 262 – 273 ; *Shaw* v. *Holland,* 15 M. & W. 136 ; *Tempest* v. *Kilmer,* 3 M. G. & S. 299 ; *Barker* v. *T. and R. R. Co.,* 27 Vt. 767 ; *Wells* v. *Abernethy,* 5 Conn. 222.

Jones & Dow *v.* Chamberlain, Strong & Co.

*E. Edgerton,* for the plaintiffs.

There was no rescission or abandonment of the first contract, but (with a waiver as to time on the part of the defendants) a complete performance on the part of Higgins as to all the work except the masonry, and a modification as to that, by which the defendants assumed it, with the understanding that they should treat its cost as so much payment towards the general work. The payment thus made, with the other cash payments, exceeded the seventy-five per cent. made payable originally in money, but all this was done without any agreement that the excess was to constitute a payment of the contract prices beyond the amount actually paid.

The opinion of the court was delivered by

BENNETT, J. We think the plaintiffs should have judgment for the sum allowed by the county court.

The referee finds due to Higgins on the contract after deducting all payments made, and also the work on masonry done by the defendants and chargeable to Higgins as provided in the contract between them, a balance of one thousand three hundred and twenty-three dollars and ninety-one cents principal.

By the contract twenty-five per cent. of the monthly estimates was to be kept back until a completion of the job, and it was then to be paid in the stock of the company at its par value, and it seems the job was completed about the 1st of January, 1850.

It is claimed that as the defendants paid in cash more than three-fourths of the whole amount of Higgins' claim, they should be allowed on the excess the difference between the nominal amount of the value of the stock and its cash value when the job was completed. But no agreement is found to make any deduction on any such ground, and without it we must treat the payment of the excess in cash as a *waiver* of the right to pay so much in the stock of the company. Besides, in the eye of the law, the payment in cash beyond the seventy-five per cent. was voluntary, and to allow the defendants a deduction on the excess would, in effect, enable them to recover back so much of their payment.

The referee has reported that the stock, on the 1st day of January, 1850, the time when the job was completed, was worth

sixty-five dollars on a share, and this was the time when the stock payment became due. If it be conceded that Higgins could not bring an action for the value of the stock before he had made a special demand, yet we think a sufficient demand was made.

The case finds that before January, 1851, one of the plaintiffs called on the defendants and requested payment, though without specifying the manner of making it, and the defendants at the same time in effect claimed that nothing was due, upon the ground that the excess on the cash payment was equal to the cash value of the stock due on the contract. It is to be assumed that when the plaintiffs made a demand of payment, it was in accordance of their rights under the contract made between Higgins and the defendants, to which contract the plaintiffs had, in effect, succeeded. The demand must have been so understood by the defendants.

The judgment of the county court must be affirmed.